IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BETTY HEAD, as Administrator of the Estate of Billy Lee Thornton, Jr., *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO. 2:20-cv-132-RAH-KFP |
| JEFFERSON DUNN, in his Individual capacity, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## FOURTH AMENDED SCHEDULING ORDER

This case was recently reassigned. On August 25, 2023, the Magistrate Judge recommended that the Motion to Amend the Scheduling Order (Doc. 134) be granted and that the Court amend the Third Amended Scheduling Order (Doc. 97) to reset trial to a term no earlier than December 2024. There being no objections, it is ORDERED that the Recommendation (Doc. 134) is ADOPTED, the Motion to Amend (Doc. 124) is GRANTED, and the Third Amended Scheduling Order is AMENDED as follows:

**SECTION 1:  Trial and Pretrial Dates.**  A pretrial conference is scheduled for **November 14, 2024, at 9 a.m.** in Courtroom 2D, the Frank M. Johnson, Jr. U.S. Courthouse, Montgomery, Alabama.  The parties are DIRECTED to jointly prepare a proposed pretrial order, and the plaintiff shall ensure that the original of the proposed pretrial order is received by the Court on or before **November 7, 2024,** by transmitting an electronic copy of the proposed pretrial order to the Court as an attachment to an email message sent to propord_huffaker@almd.uscourts.gov.  For this purpose, the electronic copy should be in Word format and not in Adobe Acrobat PDF format.  A sample pretrial order can be found on the Court's website. http://www.almd.uscourts.gov/about/rules-orders-and-procedures.

This cause is set for jury selection and trial during the term of court commencing on **January 6, 2025, at 10:00 a.m.** in **Montgomery**, Alabama.

**SECTION 2:  Dispositive Motions.**  Dispositive motions, *e.g.*, motions for summary judgment, shall be filed no later than **July 17, 2024.**  A brief and all supporting evidence shall be filed with any such motion.  In all briefs filed by any party relating to the motion, the discussion of the evidence in the brief must be accompanied by a specific reference, by page and line, to where the evidence can be found in a supporting deposition or document.  Failure to make such specific reference may result in the evidence not being considered by the Court.

**Daubert motions** shall be filed on or before the above dispositive motions deadline, unless the deadline is modified by the court upon motion of a party demonstrating good cause.

**SECTION 3:  Mediation.**  Middle District of Alabama Local Rule 16.1 concerning the *voluntary* nature of the Court's mediation program is hereby suspended and the following *mandatory* mediation obligation is to be followed. All other aspects of L.R. 16.1 continue to apply.  No later than **June 17, 2024**, all remaining parties shall mediate this case, with either a private mediator mutually agreeable to the parties (and at a cost to be borne by the parties as they agree) or a magistrate judge free of charge.  If the parties choose to mediate by magistrate judge, they shall provide the magistrate judge with three agreed-upon dates for mediation.  Not more than FIVE (5) BUSINESS DAYS after mediation, counsel for the plaintiff shall file a pleading titled "Notice Concerning Mediation."  This pleading shall indicate whether settlement or a resolution was reached short of a trial.

**SECTION 4:  Amendments to Pleadings.**  The deadline for filing motions to amend the pleadings and to add parties has passed and is not extended.

**SECTION 5:  Class Certification.**  Neither party has alleged that this is a class action.  No motion for class certification may be filed without prior leave of the Court.

**SECTION 6:  Responses to Motions.**  The failure to file a response to any motion — either dispositive or non-dispositive — within the time allowed by the Court shall indicate that there is no opposition to the motion.

**SECTION 7:  Discovery Cutoff.**  All discovery shall be completed on or before **June 17, 2024**.

**SECTION 8:  Expert Witness Disclosures**.  The parties shall disclose to each other the identity of ANY person who may be used at trial to present evidence under Rules 701, 702, 703, or 705 of the Federal Rules of Evidence, and provide the reports of retained experts or witnesses whose duties as an employee of the party regularly involve giving expert testimony, required by Rule 26(a)(2) of the Federal Rules of Civil Procedure, as follows:

From the plaintiff(s), on or before **March 19, 2024**.

From the defendant(s), on or before **April 18, 2024**.

The parties shall comply fully with all requirements of Rule 26(a)(2) in regard to disclosure of expert testimony.  Unless an objection is filed within 14 days after disclosure of any expert witness, the disclosure shall be deemed to be in full compliance with the Rule.

**SECTION 9:  Trial Witness Lists.**  No later than **November 7, 2024,** each party shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, file a list of all its witnesses and provide to all other parties the addresses and telephone numbers of all witnesses, except witnesses to be used solely for impeachment purposes, separately identifying those whom the party expects to present and those whom the party may call if the need arises.  The witness list should include the names of any witnesses required to be disclosed under Section 8.  Unless specifically agreed between the parties or allowed by the court for good cause shown, the parties shall be precluded from calling any witness not so identified.  Objections to any witness identified must be filed no later than **November 21, 2024**, and shall set out the grounds and legal authority.  The offering party shall file a written response to objections no later than **December 5, 2024**.

**SECTION 10:  Deposition Designations.**  No later than **November 7, 2024,** the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, file deposition designations that the parties expect to use at trial.  Designations must be by page and line numbers, based on counsel's good faith opinion that they are relevant and admissible.  Designation of entire depositions is not allowed.  Adverse parties shall within one week thereafter file deposition designations expected to be used in response, and a party shall within

three days of the designation of such responsive parts file the designation of any part that is desired as a rebuttal thereto.  Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from using any part of a deposition or other document not so listed, with the exception of parts of depositions or documents to be used solely for the purpose of impeachment.  Except to the extent written objections are filed on or before **November 21, 2024**, each party shall be deemed to have agreed that one of the conditions for admissibility under Rule 32 of the Federal Rules of Civil Procedure is satisfied with respect to any such deposition and that there is no objection to the testimony so designated.  Objections shall state with particularity the portions objected to, and the objecting party shall attach a copy of the portions to which the objections apply.  The offering party shall file a written response to objections no later than **December 5, 2024**.

**SECTION 11:  Trial Exhibits.**  No later than **November 7, 2024,** the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, file exhibit lists and furnish opposing counsel for copying and inspecting all exhibits and tangible evidence to be used at the trial.  Proffering counsel shall have such evidence marked for identification prior to trial.  The list shall identify specifically and separately by exhibit number each document to be offered, and general or bulk designations are not allowed.  Unless specifically agreed between the parties or allowed by the court for good cause shown, the parties shall be precluded from offering such evidence not so furnished and identified, with the exception of evidence to be used solely for the purpose of impeachment.  Except to the extent written objections are filed, the evidence shall be deemed genuine and admissible in evidence.  Objections shall be filed no later than **November 21, 2024**, and shall set forth the grounds and legal authorities.  The offering party shall file a written response to the objections no later than **December 5, 2024**, and shall include a pre-marked copy of the evidence at issue.

**SECTION 12:  Discovery Plan.**  Except to the extent of any conflict with the deadlines set out herein, the Discovery Plan contained in the Report of Parties' Planning Meeting (Doc.  55) is adopted and incorporated herein.

**SECTION 13:  Voir Dire.**  The parties shall file any requested voir dire questions, motions in limine fully briefed, and any proposed jury instructions, together with citations of law thereon, on or before 28 days prior to the trial date unless said time is shortened by the Court on motion of either party.  Objections to motions in limine, fully briefed, must be filed on or before 21 days before the trial date.  Trial counsel are directed to review the jury questionnaire used in this court

and to avoid any duplication of matters addressed therein in their voir dire questions.    The jury questionnaire is available on the Court's website at http://www.almd.uscourts.gov. Click on the juror information tab under the heading "For Jurors" at the top of the home page.

**SECTION 14:  Trial Date Defined.**  In cases involving jury trials, the term "trial date" as used in the foregoing deadlines shall mean the date set for jury selection.

**SECTION 15:  General Provisions**

(A)  All briefs on any matter before the Court must be formal in format and filed with the Court.  The Court does not accept "letter briefs" or "letter reports."

(B)  A request or motion for extension of a deadline in any court order (i) must be in writing; (ii) must indicate that movant has, in a timely manner, previously contacted counsel for all other parties; and (iii), based on that contact, must state whether counsel for all other parties agree to or oppose the extension request or motion.  A request or motion that fails to meet this requirement will be denied outright, unless the movant offers a credible explanation in the request or motion why this requirement has not been met.  Absent stated unforeseen and unavoidable circumstances beyond the control of the movant, oral extension requests and motions are not allowed, and "eleventh hour" extension requests and motions will be denied outright.

(C)  Any proposed order that a party desires the Court to enter should be submitted to the court in both (i) an Adobe Acrobat PDF format attachment to the motion and (ii) by transmitting an electronic copy of the proposed order to the court as an attachment to an email message sent to, propord_huffaker@almd.uscourts.gov.  For these purposes, the electronic copy should be in Word format and not in Adobe Acrobat PDF format.  If the proposed order relates to discovery matters, *e.g.*, a HIPAA order or protective order, an electronic copy of the proposed order should be sent to the e-mail address of the assigned Magistrate Judge whose address may be found at <http://www.almd.uscourts.gov/judges/propord.htm>.

(D)     If any party has an objection to these deadlines, the party should inform the court within 14 days from the date of this Order; otherwise, the court will assume that the deadlines are agreeable to all parties.  Unless this Order is

modified by subsequent Order of the court, the provisions herein above set out are binding on the parties.

DONE, on this the 22nd day of September, 2023.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE